Filed 8/15/25 P. v. Sanchez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MANUEL SANCHEZ,<br><br>　　Defendant and Appellant. | B336354<br><br>(Los Angeles County<br>Super. Ct. No. BA058674)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on July 17, 2025, be modified as follows:

On page 1, the reference to "Tomson T. Ong, Judge" is replaced with "Laura F. Priver, Judge".

There is no change in the judgment.

_____

HOFFSTADT, P. J.　　　　BAKER, J.　　　　MOOR, J.

Filed 7/17/25  P. v. Sanchez CA2/5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL SANCHEZ,<br><br>    Defendant and Appellant. | B336354<br><br>(Los Angeles County<br>Super. Ct. No. BA058674) |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Reversed and remanded with directions.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General for Plaintiff and Respondent.

Manuel Sanchez appeals the superior court's order, declining to conduct a full resentencing in connection with proceedings brought pursuant to Penal Code[1] section 1172.75. We reverse the superior court's order and remand for the court to conduct a full resentencing hearing in accordance with section 1172.75, subdivisions (c) and (d).

## PROCEDURAL HISTORY[2]

In 1995, the jury found Sanchez guilty of murder (§ 187, subd. (a), count 2), two counts of attempted murder (§§ 187, subd. (a) & 664, counts 3 & 4), and assault with a firearm (§ 245, subd. (a)(2), count 5). The jury found true the allegations that Sanchez personally used a firearm in counts 2 through 5 (§ 12022.5, subd. (a)), and personally inflicted great bodily injury in counts 3 and 4 (§ 12022.7). The trial court found true the allegations that Sanchez suffered a prior serious felony conviction within the meaning of section 667, subdivision (a), and had served a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced Sanchez to 39 years to life, plus a determinate term of 25 years in prison. The court imposed and stayed two of the section 12022.5, subdivision (a) enhancements and the section 667.5, subdivision (b) enhancement.

In 2023, the superior court entered a minute order stating that the California Department of Corrections and Rehabilitation had informed the court that Sanchez might be serving a term

---

[1] All further statutory references are to the Penal Code.

[2] Because the facts of Sanchez's crimes are not relevant to the issue on appeal, we do not include them here.

2

that included a one-year prison prior enhancement under section 667.5, subdivision (b), and therefore he might be entitled to full resentencing under section 1172.75. Without the presence of Sanchez or counsel, the trial court dismissed the section 667.5, subdivision (b) enhancement, and ordered that a new abstract of judgment be prepared; but the court declined to conduct a full resentencing of Sanchez. The superior court reasoned that dismissing the section 667.5, subdivision (b) enhancement would not reduce Sanchez's sentence as required under section 1172.75, subdivision (d)(1), because the enhancement had been stayed at his original sentencing.

## DISCUSSION

Although Sanchez appeals the trial court's ruling primarily based on his assertion that section 1172.75 required that he and his counsel be present when the superior court determined that Sanchez was not entitled to resentencing, we need not address that issue. At the time of the proceedings in the superior court in this matter, there was a split of opinion amongst the Courts of Appeal regarding whether section 1172.75 applies only when a section 667.5, subdivision (b) enhancement was executed, and not when the enhancement had been stayed. In the briefing on appeal, Sanchez argued that section 1172.75 provides for recall and resentencing even in instances where the section 667.5 enhancement was imposed and stayed; the People argued that section 1172.75 does not apply in such circumstances.

In *People v. Rhodius* (June 26, 2025) 2025 Cal.LEXIS 3531, our Supreme Court resolved the issue, holding that section 1172.75 "entitles a defendant to resentencing if the underlying

judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, *regardless of whether the enhancement was then executed or instead stayed.*" (*Id.*, at \*2, italics added.) Sanchez is therefore entitled to a full resentencing hearing and appointment of counsel in connection therewith. We express no opinion on the outcome of that resentencing.

## DISPOSITION

We reverse the superior court's order and remand for the court to conduct a full resentencing hearing in accordance with section 1172.75, subdivisions (c) and (d).

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


BAKER, J.